

**CT Corporation**
**Service of Process Notification**
05/19/2022
CT Log Number 541604415

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Serviceof Process<br>CVS HEALTH COMPANIES<br>1 CVS DR MAIL CODE 1160<br>WOONSOCKET, RI 02895-6146 |
| **RE:** | **Process Served in New York** |
| **FOR:** | CVS Pharmacy, Inc.  (Domestic State: RI) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LINDA TESTANI // To: CVS Pharmacy, Inc. |
| **CASE #:** | 7100422022 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/19/2022 at 03:20 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/19/2022, Expected Purge Date: 05/24/2022<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, May 19, 2022
**Server Name:** David Lett

| | |
|---|---|
| Entity Served | CVS PHARMACY, INC. |
| Case Number | 710042/2022 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
| | | |



SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY
LINDA TESTANI,

Index No.: 710042/2022

Plaintiff,

Plaintiff designates Queens County as the place of Trial.

-against-

CVS PHARMACY, INC.

The basis of venue is accident occurrence.

Defendant.

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

You are hereby summoned to answer the verified complaint in this action and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: May 10, 2022
Melville, New York

_____
Connor N. McHugh
Fass & D'Agostino, P.C.
*Attorneys for Plaintiff*
150 Broadhollow Road, Suite 217
Melville, NY 11747
T: (631)-824-6040
F: (631)-610-2731

Defendants' Address:

**CVS PHARMACY, INC.**
**132-22 14th Avenue**
**College Point, NY 11356**

****PLEASE SUBMIT THESE PAPERS TO YOUR INSURANCE CARRIER****

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY
---

LINDA TESTANI,                                          Index No.:

                Plaintiff,

-against-                                               **VERIFIED COMPLAINT**

CVS PHARMACY, INC.

                Defendant.
---

Plaintiff, LINDA TESTANI, by their attorneys, complaining of Defendant, CVS PHARMACY, INC., herein, respectfully allege upon information and belief:

## THE PARTIES

1. That at all times hereinafter mentioned, Plaintiff, LINDA TESTANI, was and still is a resident of Queens County, State of New York.

2. That at all times hereinafter mentioned, the Defendant, CVS PHARMACY, INC., was and still is a corporation licensed to do business in the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

### Negligence

1. That on or about March 4, 2022, the Plaintiff, LINDA TESTANI, was traveling in a CVS store located at 132-22 14th Avenue, College Point, in the County of Queens, State of New York, when she was caused to trip and fall in an aisle of the store with a defective condition.

2. That on March 4, 2022, and at all times herein mentioned, the aforesaid premises and were owned, operated, managed, maintained, controlled, and repaired by Defendant.

3. That on March 4, 2022, and at all times herein mentioned, it was the duty of Defendant, either themselves or through its agents, servants, employees, and/or assigns, to maintain

the premises in a reasonably safe condition.

4. That on March 4, 2022, Plaintiff LINDA TESTANI, was lawfully at the above-mentioned location.

5. That on March 4, 2022, while Plaintiff LINDA TESTANI, was lawfully traveling in the aforesaid location, she was caused to trip and fall and sustain severe and permanent injuries due to a defective condition maintained and controlled in such a careless, reckless, improper and negligent manner, that said pathway could not provide for safe and proper pedestrian traffic.

6. The above mentioned occurrence, and the results thereof, were caused solely and wholly as a result of the negligence, carelessness, recklessness and gross negligence of the Defendant, their agents, servants, licensees, contractors, subcontractors, employees and those acting under their direction, permission, and control in the ownership, operation, designing, creating, management, maintenance, contracting, subcontracting, supervision, authorizing use and control of the premises located at the aforesaid location, more particularly, the store located at 132-22 14th Avenue, College Point, New York; in failing to properly maintain said area; in allowing the public store to become in a dangerous and defective condition; in failing to inspect said area; in causing, permitting, and allowing a trap, hazard, and nuisance to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice; in failing to take any necessary steps to alleviate said condition; in failing to periodically inspect the store to ensure that the store is free of any traps, hazards, and nuisances to be and exist; in failing to properly repair said area before authorizing its use; in failing to erect barricades, or otherwise restrict use of aforesaid area to prevent a hazard, trap, and nuisance from endangering the general public

and, more particularly, Plaintiff herein; in failing to warn the general public and more particularly, Plaintiff herein, of the subject hazard, trap, and nuisance; in failing to create policy and procedure for work performed in or around the store; in permitting and allowing the aforesaid condition to exist on the area; in failing to avoid the aforesaid accident which was foreseeable; and in being otherwise negligent, careless, reckless and grossly negligent in the store.

7. That upon information and belief, Defendant, had actual and constructive notice of this defective condition in that Defendant created the condition.

8. That no negligence on the part of the Plaintiff, contributed to the occurrence alleged herein in any manner whatsoever.

9. That as a result of the foregoing, Plaintiff, was caused to sustain serious injuries including but not limited to fractures and head trauma and to have suffered severe pain, shock, and mental anguish; that these injuries and their effects are to be permanent in nature and duration; and as a result of said injuries, Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

10. That this action falls within one or more of the exceptions set forth in CPLR 1602.

11. By reason of the foregoing, Plaintiff, prays for judgment against the Defendant, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for the first cause of action, in an amount of damages which exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction; together with the costs and disbursements of this action.

    Dated: May 10, 2022
           Melville, New York

Connor N. McHugh
Fass & D'Agostino, P.C.
*Attorneys for Plaintiff*
150 Broadhollow Road, Suite 217
Melville, NY 11747
(631)-824-6040

## VERIFICATION

Connor N. McHugh, an attorney admitted to practice in the Courts of the State, and attorney with the firm FASS & D'AGOSTINO, P.C., attorney for the plaintiff LINDA TESTANI states:

That your affirmant has read the foregoing Summons and Verified Complaint and knows the contents thereof; that the same is true to your affirmant's own knowledge except as to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes it to be true. The source of your affirmant's information and belief, is an investigation caused to be made with respect to the facts in this action.

That the reason this verification is made by affirmant and not by the defendant is because the defendant does not reside within the county where FASS & D'AGOSTINO, P.C. maintain their office.

The undersigned affirms that the foregoing statements is true, under penalties of perjury.

Dated: May 10, 2022
      Melville, New York

 

                                          Connor N. McHugh
                                          Fass & D'Agostino, P.C.
                                          *Attorneys for Plaintiff*
                                          150 Broadhollow Road, Suite 217
                                          Melville, NY 11747
                                          Tel.: (631) 824-6040
                                          Fax: (631) 610-2731